IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PABLA RODRIGUEZ**<br>  Plaintiff, | §<br>§<br>§ |
| - vs - | § CASE NO. 1:21-CV-000243-JRN<br>§ |
| **STATE FARM INSURANCE**<br>  Defendant. | §<br>§<br>§<br>§ |

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("Defendant") in the above-styled and numbered cause, files this First Amended Answer and would show the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**RESPONSE: No admission or denial is required for the allegations in this Paragraph.**

**II.
THE PARTIES**

2.      Plaintiff PABLA RODRIGUEZ is an individual residing in Travis County, Texas.

**RESPONSE: State Farm admits that it issued Policy No. 2744-721-53D to Plaintiff Pabla Rodriguez ("Plaintiff" or "Rodriguez") and that Plaintiff represented to State Farm that she resides in Travis County.**

3.      Defendant STATE FARM INSURANCE is an insurance company authorized to do business in the state of Texas and may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th St., Suite 620, Austin, Texas 78701.

**RESPONSE: State Farm admits that it is registered to engage in the business of insurance in the State of Texas. State Farm further admits that it has been served with process and its counsel of record has entered an appearance.**

## III.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**RESPONSE: State Farm admits that venue is proper in the Western District of Texas – Austin Division, and that State Farm does business in the State of Texas.**

5.    Venue is proper in TRAVIS County in this cause pursuant to Section 15.002(a)(1) of the Civil Practice and Remedies Code because the incident which forms the basis of this lawsuit occurred in Travis County, Texas.

**RESPONSE: State Farm admits that venue is proper in the Western District of Texas – Austin Division, and that the alleged incident occurred in Travis County.**

## IV.
## CONDITIONS PRECEDENT

6.    All conditions precedent to recovery have been performed or have occurred.

**RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

## V.
## FACTS

7.    This is a suit to recover damages arising from Defendant STATE FARM INSURANCE unfair refusal to pay insurance benefits pursuant to the policy of automobile insurance sold to Plaintiff. Specifically, Defendant refused to pay Plaintiff's claim under the Uninsured Motorist provisions of the policy. Plaintiff seeks relief under the common law, the DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT (DTPA), and the TEXAS INSURANCE CODE.

**RESPONSE: State Farm admits that it issued Insurance Policy No. 2744-721-53D to Plaintiff. However, State Farm denies Plaintiff's allegations that State Farm unfairly refused to pay insurance benefits to Plaintiff pursuant to Policy No. 2744-721-53D and/or Plaintiff's claim under the Uninsured Motorist Provisions of Policy No. 2744-721-53D.**

8. On or about MARCH 10, 2020, Plaintiff PABLA RODRIGUEZ was operating a 2011 Chevrolet Equinox in a lawful manner while traveling on the intersection of FM 1327 and Wright Lane in Austin, Travis County, Texas, when his[sic] vehicle was suddenly, violently, and without warning struck by Trista Faith Webb, who was operating a 2014 Silver Toyota Corolla and made an illegal U-Turn striking Plaintiff's vehicle. As a result of the collision, Hector Alfonso Solis, the investigating officer with the Mustang Ridge Police Department, was called the scene and, after an investigation, found TRISTA FAITH WEBB to be the at-fault driver.

**RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

9. Prior to March 10, 2020, Defendant STATE FARM INSURANCE issued to its insured, Plaintiff PABLA RODRIGUEZ, a policy of insurance, insuring protection against bodily injury and property damage loss caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle.

**RESPONSE: State Farm admits that it issued Policy No. 2744-721-53D to Pabla Rodriguez pursuant to the terms, provisions, and conditions as stated therein.**

## VII.
## CAUSES OF ACTION: STATE FARM INSURANCE

10. PABLA RODRIGUEZ had a contract of insurance that provided uninsured and underinsured motorist benefits in effect at the time of the collision. PABLA RODRIGUEZ paid her premiums and performed her duties under the contract STATE FARM INSURANCE and is responsible by virtue of PABLA RODRIGUEZ'S underinsured status.

**RESPONSE: State Farm admits that it issued Policy No. 2744-721-53D to Pabla Rodriguez pursuant to the terms, provisions, and conditions as stated therein. State**

**Farm denies, to the extent that Plaintiff alleges, that State Farm had a responsibility to pay any and all claims of Pabla Rodriguez by virtue of her underinsured status.**

## VIII.
## DAMAGES

11. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff PABLA RODRIGUEZ suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

> **RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

12. As a further result of all of the above, Plaintiff has incurred expenses for his[sic] medical care and attention in the past and may incur medical expenses in the future to treat his [sic] injuries.

> **RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

13. Plaintiff has also suffered losses and damages to his [sic] personal property, including but not limited to damage to his [sic] vehicle for which he has never been compensated.

> **RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

14. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

> **RESPONSE: State Farm does not have sufficient information to admit or deny the factual allegations contained in this paragraph. Subject to the foregoing, denied.**

15. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) but not more than ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

**RESPONSE: Denied.**

16. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000.000.00) and a demand for judgment for all other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

**RESPONSE: Denied.**

## IX.
## INTEREST

13. Plaintiff further requests both pre-judgment interest and post-judgment interest on all her damages as allowed by law.

**RESPONSE: Denied.**

## X.
## DEMAND FOR JURY TRIAL

14. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

**RESPONSE: No admission or denial is required for the allegations in this Paragraph.**

## XI.
## REQUEST FOR DISCLOSURE

14. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2.

**RESPONSE: No admission or denial is required for the allegations in this Paragraph.**

## XII.
## NOTICE OF SELF-AUTHENTICATION

14. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

**RESPONSE: No admission or denial is required for the allegations in this Paragraph.**

## XIII.
## ATTACHED DISCOVERY

14. Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants[sic] are requested to answer/respond within fifty (50) days of service hereof:

   a. Plaintiff's First Set of Interrogatories to Defendant USAA;

   b. Plaintiff's First Requests for Production to Defendant USAA; AND

   c. Plaintiff's First Requests for Admission to Defendant USAA.

**RESPONSE: Denied.**[1]

---

[1] Additionally, State Farm notes that USAA has not been named as a Defendant in this case. State Farm is operating under the belief that these discovery requests were mistakenly attached to Plaintiff's Original Complaint.

## XIV.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) and 21a: nlezotte-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

**RESPONSE: No admission or denial is required for the allegations in this Paragraph.**

## XV.
## [PLAINTIFF'S] PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that, on trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages.

**RESPONSE: Denied.**

# XVI.
# STATE FARM DEFENSES

**Policy Coverage Provisions.** Some or all of Plaintiff's claims are not covered, excluded, or limited by applicable policy terms, conditions, and exclusions of the policy beyond those damages already acknowledged by State Farm under the policy. Some or all of the applicable policy provisions are as follows:

**Insuring Agreement**
*We* will pay compensatory damages for *bodily injury* or *property damage* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be sustained by an *insured.* The *bodily injury* and *property damage* must be caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle. If *we* and *you* do not agree as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on *us*.

. . .

**Limits**
1. The Uninsured/Underinsured Motorists Coverage limits for *bodily injury* are shown on the Declarations Page under "Uninsured/Underinsured Motorists Coverage – Bodily Injury Limits – Each Person, Each Accident".
    a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury,* is the limit shown under "Each Person".
    b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident".
2. The Uninsured/Underinsured Motorists Coverage limit for *property damage* is shown on the Declarations Page under "Uninsured/Underinsured Motorists Coverage – Property Damage Limit –Each Accident". This is the most *we* will pay for all *property damage* as the result of any one accident.
3. These Uninsured/Underinsured Motorists Coverage limits are the most *we* will pay regardless of the number of:
    a. *insureds;*
    b. claims made;
    c. policies or bonds applicable;
    d. vehicles insured;
    e. premiums shown on the Declarations Page; or
    f. vehicles involved in the accident.

**Nonduplication**

*We* will not pay under Uninsured/Underinsured Motorists Coverage any damages:
    a. that have already been paid to or for the *insured:*
        (1) by or on behalf of any *person* or legal entity who is or may be held legally liable for the *bodily injury* to the *insured* or *property damage;* or
        (2) for *bodily injury* or *property damage* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative;*
    b. that:
        (1) have already been paid; or
        (2) could be paid to or for the *insured* under any workers' compensation law, disability benefits law, or similar law. *We* will also not pay any damages that could have been paid under any such law, if the *insured* had pursued a claim in timely fashion;
    c. that have already been paid under the Personal Injury Protection Coverage of this policy or the personal injury protection coverage of any other policy;
    d. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other motor vehicle policy, or other similar vehicle insurance; or
    e. that are *property damage* paid or payable under any policy of property insurance.

2. For any *property damage* to which the Physical Damage Coverages (or similar coverage from another policy) and this coverage both apply, *you* may choose the coverage from which damages will be paid. *You* may recover under both coverages, but only if:
    a. Neither one by itself is sufficient to cover the loss;
    b. *You* pay the higher deductible amount (but *you* do not have to pay both deductibles); and
    c. *You* will not recover more than the actual damages.

**Exclusions**
THERE IS NO COVERAGE:
1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR LEGAL ENTITY WHO MAY BE LIABLE FOR THE *BODILY INJURY* OR *PROPERTY DAMAGE;*
2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY:*
    a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR;*
    b. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR.* However, if the motor vehicle is not *owned by you* or any *person* included in the definition of *you,* then this exclusion (2.b.) does not apply to *you* to the extent the Uninsured/Underinsured Motorists Coverage limit provided by this policy exceeds the uninsured/underinsured motorists coverage limit, if any, provided by a policy insuring the *resident relative's* motor vehicle;
3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
    a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

    b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
    c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
6. FOR AN *INSURED* WHO INTENTIONALLY CAUSES *BODILY INJURY* TO THAT *INSURED* OR *PROPERTY DAMAGE* TO PROPERTY THAT *INSURED* OWNS;
7. FOR PUNITIVE OR EXEMPLARY DAMAGES;
8. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION. This exclusion does not apply to the extent Uninsured/Underinsured Motorists Coverage would apply in the absence of the order of restitution;
9. FOR AN *INSURED* WHO IS *OCCUPYING* A VEHICLE DURING THE PERIOD OF TIME AN *INSURED,* WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE; OR
10. FOR THE FIRST $250 OF *PROPERTY DAMAGE* TO THE PROPERTY OF THAT *PERSON* RESULTING FROM ONE ACCIDENT.

    **Deductible.** Any recovery will be subject to the amount of the applicable deductible(s) of the applicable insurance policies.

    **Payment.** State Farm contends that Plaintiff's claims are barred by the doctrine of payment. On March 20, 2020, State Farm issued payment in the amount of $9,769.72 to Plaintiff Pabla Rodriguez in connection with Claim No. 53005F9-88H.

    **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the TEXAS INSURANCE CODE or any other statutory or common law authority.

    **Comparative Responsibility.** Plaintiff's allegations and damages, if any, were proximately caused, in whole or in part, by its own contributory fault and/or the fault of other third

parties, and State Farm is entitled to have its proportion of any responsibility determined in accordance with Tex. Civ. Prac. & Rem. Code. Section 33.003.

**Lack of Coverage Precludes Extra-Contractual Liability.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claims is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code. Because Plaintiff's allegations are generally based upon State Farm's alleged failure to pay policy benefits, and differences in price and scope, the absence of coverage for many portions of the Plaintiff's underlying insurance claim precludes the Plaintiff's Insurance Code and extra-contractual claims against State Farm arising out of those allegations.

**Limits on Punitive Damages.** To the extent Plaintiff seeks punitive damages, State Farm invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. State Farm affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

To the extent Plaintiff seeks punitive damages against State Farm, assessment of punitive damages is improper because Plaintiff has failed to plead <u>any</u> predicate authorizing the recovery of punitive damages. To any extent Plaintiff seeks any recovery of exemplary or punitive damages in this lawsuit, Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof that State Farm was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim. Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that State Farm was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages

plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009. Further, State Farm contends that any conduct of employees of State Farm cannot be imputed to State Farm for purposes of exemplary damages.

**Liability Not "Reasonably Clear".** Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, State Farm contends that State Farm's liability was not "reasonably clear."

**Concurrent Causation.** Defendant assert the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

**Texas Insurance Code Causes of Action.** To any extent Plaintiff alleges claims under the Texas Insurance Code in the Petition, Plaintiff is precluded from any recovery or relief thereunder because, among other things, (a) Defendant did not breach the insurance policy under which Plaintiff purports to be claiming in this lawsuit; (b) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (c) the handling and investigation of Plaintiff's insurance claim was reasonable; (d) any alleged liability for Plaintiff's insurance claim

did not become and is not reasonably clear; and (e) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to be claiming in this lawsuit.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY respectfully requests that a take-nothing judgment be entered against Plaintiff, that State Farm recovers its reasonable and necessary attorneys' fees and all costs of court, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

DYKEMA GOSSETT PLLC
One Congress Plaza
111 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 703-6300
(512) 703-6399 (fax)

By: */s/ Michael Klein*
Michael Klein
State Bar No. 11563200
Ashley S. Bunyard
State Bar No. 24098413
Maria McIntyre
State Bar No. 24121003
mklein@dykema.com
abunyard@dykema.com
mmcintyre@dykema.com

**ATTORNEYS FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 8th day of October, 2021, a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to counsel of record:

>Nicolas Lezotte
>LAW OFFICES OF THOMAS J. HENRY
>5707 Southwest Pkwy, Suite 125, Bldg 2
>Austin, Texas 78735
>nlezotte-svc@tjhlaw.com
>
>***ATTORNEYS FOR PLAINTIFF***

*/s/ Michael Klein*
MICHAEL KLEIN
